[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Saveway Petroleum, Inc. ("Saveway"), filed this appeal from a decision of the defendant, Commissioner of the Department of Revenue Services ("commissioner"), finding a deficiency in the amount of petroleum products gross earnings tax paid by Saveway, and assessing additional tax and interest. Saveway brought this action in four counts. At the conclusion of the trial, Saveway withdrew counts one, three and four of its complaint, leaving only count, in which it seeks a refund of interest due on an overpayment of the gross earnings tax.
Saveway is a corporation authorized to do business in Connecticut and is located in Danielson, Connecticut. Saveway is a distributor of kerosene, diesel and fuel oil for home heating. The Commissioner CT Page 11235 conducted an audit of Saveway's business for the period January 1, 1992 to March 31, 1995, and found errors in Saveway's calculations of its petroleum products gross earnings tax pursuant to General Statutes §12-587. The commissioner issued a deficiency assessment against Saveway pursuant to General Statutes § 12-593, which Saveway protested to the Appellate Division. The Appellate Division recalculated the assessment following the protest and determined that Saveway had overpaid the gross earnings tax in the amount of $7,216.56, but was only entitled to a refund of $1,831.37 because the net adjustment of interest of $5,385.19 based on quarterly payments made by Saveway was proper under General Statutes §§ 12-589 and 12-594.
The subject of the only remaining count in this case pertains to the interest assessed on the original deficiency. In count two, Saveway claims that the commissioner determined that it owed "an assessed deficiency interest charge against an overpayment of gross earnings tax in the amount of approximately $7,216.00." (Complaint, Count Two, para. 2.) Saveway further alleges that the commissioner charged it "an interest computation of approximately $5,385.00 to reduce the overpayment due Saveway . . . to approximately $1,831.00." (Complaint, Count Two, para. 3.) Saveway claims that it "has been aggrieved in the amount of approximately $5,385.00 of interest computation that was wrongfully applied to Saveway['s] . . . refund due on the overpayment of the said gross earnings tax." (Complaint, Count Two, para. 4.)
General Statutes § 12-594 (a) provides that interest shall be added to any taxes assessed under General Statutes § 12-593 at the rate of one percent per month or fraction thereof which elapses from the datewhen the original tax became due and payable. General Statutes § 12-589
(b) applies to any refund made as a result of overpayment of taxes, stating that, except where intentional, "there shall be added interest at the rate of two-thirds of one percent for each month or fraction of a month which elapses between (1) the later of the due date of such taxes or the date of making such overpayment; and (2) the date of notice by the Commissioner of Revenue Services that any such refund is due."
Saveway argues that it should not have been charged interest on a deficiency that was later discovered by audit to have been in error. Saveway claims that the imposition of interest on a deficiency assessment that is later found to be erroneous defeats the purpose of the refund provided for in § 12-589. The commissioner argues that the interest due on underpayments for each quarter during the audit period was properly calculated from the dates the original tax became due and payable under § 12-289, and the interest to be refunded on the overpayments for each quarter during the audit period was properly calculated under12-294, resulting in interest owed on those quarters of underpayment, CT Page 11236 even though Saveway received a refund of gross earnings tax for the audit period.
General Statutes § 12-587 imposes a quarterly tax on gross earnings from the sale of petroleum products. In this case, Plaintiffs Exhibit H shows the audit division's revised determination of Saveway's overpayments and underpayment of the gross earnings tax for each quarter during the audit period. When the overpayments of tax for each quarter of overpayment are added together, and the underpayments of tax for each quarter of underpayment are added together and subtracted from the total of the overpayments, the result is an overpayment of gross earnings tax of $7,216.56. Plaintiffs Exhibit H shows that for each quarter that Saveway made an overpayment, interest on the refund was calculated pursuant to General Statutes § 12-589. For each quarter that Saveway underpaid, interest was charged pursuant to General Statutes § 12-594. The interest on each quarter of underpayments totals $17,430.63 for the entire audit period. The interest refunded on each quarter of overpayments totals $12,045.63 for the entire audit period. The difference between the interest owed for the underpaid quarters and the interest refunded for the overpaid quarters results in $5,385.19 of interest owed for the quarters that the plaintiff underpaid as shown on plaintiffs Exhibit H. Deducting the interest owed for the underpaid quarters from the total refund of tax owed results in a net refund to the plaintiff of $1,831.37, which was the amount refunded to Saveway by the commissioner.
The interest amounts in this case were properly calculated in accordance with the terms of General Statutes §§ 12-594 and 12-589. Even though the total amount of the gross earnings tax paid by Saveway for the whole audit period resulted in an overpayment, Saveway has not demonstrated that the commissioner improperly assessed interest pursuant to General Statutes § 12-594 for the quarters that it underpaid the tax. Saveway is not entitled to a refund of the $5,385.19, which was interest remaining due for the underpaid quarters after crediting Saveway for refunds of interest paid for the overpaid quarters pursuant to General Statutes § 12-589.
Judgment may enter in favor of the defendant dismissing the appeal without costs to either party.
 Arnold W. Aronson. Judge Trial Referee